IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LARRY SCHULTZ, ET AL.        *
                             *
         v.                  *   Civil No. JFM-06-2016
                             *
ALL FUNDS, INC.              *
                         *****

OPINION

In this action plaintiffs assert claims under the Fair Labor Standards Act, 29 U.S.C. §§201 et seq., and the Maryland Wage Payment and Collection Law, Maryland Code, Lab. & Empl. Art. §§3-501 et seq., against their former employers, All Funds, Inc. and Amerifund Financial, Inc. Defendants have filed a motion to dismiss on the basis of a forum selection clause contained in plaintiffs' employment agreements providing "that the Circuit Court of Pierce County, State of Washington, shall have exclusive jurisdiction to hear and determine any and all disputes, controversies, or claims arising out of, or related to this Agreement or concerning the respective rights of the parties hereunder. . . ." Defendants' motion is denied.[1]

A.

Forum selection clauses and arbitration agreements are analogous, and generally the same rules of construction apply to both of them. *See, e.g., Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 482-83 (1989) (stating that an arbitration clause

---

[1] Defendants request as alternative relief that this action be transferred to the Western District of Washington. If I were to find defendants' position meritorious, such a transfer would be inappropriate because the forum selection clause provides for exclusive jurisdiction over claims covered by its terms in the Circuit Court of Pierce County, Washington. *See, e.g., Bryant Elec. Co. v. City of Fredericksburg*, 762 F.2d 1192 (4th Cir. 1985); *Laurel Village Bakery v. Global Payments Direct, Inc.*, 2006 U.S. Dist. LEXIS 73663 (N.D. Cal. 2006); *see also* 29 U.S.C. §216(b) (providing that a Fair Labor Standards Act claim may be brought either in federal or state court).

is a "specialized kind of forum-selection clause").  At first blush, this principle would seem to mandate dismissal of this action because in *J.J. Ryan & Sons, Inc. v. Rhone Poulanc Textile, S.A.*, 863 F.2d 315 (4th Cir. 1988), the Fourth Circuit broadly construed an arbitration clause to encompass a wide variety of claims related to the parties' contractual relationship.  *Ryan*, however, arose in the context of international trade, and the Fourth Circuit, citing both congressional guidance in the Convention on Recognition and Enforcement of Foreign Arbitral Awards and Supreme Court precedents, emphasized that considerations of public policy strongly supported an expansive reading of the arbitration agreement between the parties.  *Id.* at 320.

Here, the underlying policy interest is dramatically different.  An expansive reading of the forum selection clause would, as a practical matter, have a substantial adverse impact upon plaintiffs' attempts to enforce asserted rights created by the Fair Labor Standards Act and the Maryland Wage Payment and Collection Law -- two pieces of highly remedial legislation.  *Cf. Barrantine v. Arkansas Best Freight Systems, Inc.*, 450 U.S. 728, 740 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate.").

B.

The language of the forum selection clause in the employment agreements between plaintiffs and All Fund encompasses claims "relating to" the employment agreements as well as claims "arising out of" the agreements.  This language is broader than the language of the forum selection provision involved in *Omron Healthcare, Inc. v. Maclaren Expert, Ltd.*, 28 F.3d 600 (7th Cir. 1994), which covered only controversies "arising out of" the agreement.  Thus, the

court's holding in *Omron* that "but-for causation" between the parties' contract and their dispute is not itself sufficient to trigger the forum selection clause arguably is not applicable here.

However, in *Cheever v. Academy Chicago Ltd.*, 685 F. Supp. 914 (S.D.N.Y. 1988), where the forum selection clause did include "relating to" language, the court held that the clause did not encompass independent statutory rights being asserted by the plaintiff. *Cheever* arose in the context of copyright law, and defendants suggest that it is therefore *sui generis*. I perceive no principled basis for this distinction. As a matter of public policy, effective protection of a copyright is no more important than is the protection of an employee's right to receive wages arguably due to him under the FSLA and Maryland Wage Payment and Collection Law. Moreover, even assuming that a clear and unequivocal contract provision requiring an employee to litigate FSLA and comparable state statutory claims in a distant forum is enforceable, the forum selection clause here in question is not clear and unequivocal. All Fund -- which I assume drafted the employment agreements -- could have written the forum selection clause to cover "all disputes, controversies, or claims arising out of, or relating to **the employment relationship** between the parties." It did not do so.

In short, I find that plaintiffs may litigate their wage claims in the jurisdiction where defendants chose to employ them. I note that this conclusion is consistent with rulings made by other district courts under similar circumstances. *See Saunders v. Ace Mortgage Funding, Inc.*, 205 W.L. 3054594 (D. Minn. 2005); *Perry v. Nat'l City Mortgage, Inc.*, 2006 U.S. Dist. LEXIS 62419 (S.D. Ill. 2006).

A separate order denying defendants' motion to dismiss is being entered herewith.

Date: February 9, 2007            /s/
                                  J. Frederick Motz
                                  United States District Judge